I concur in Parts II and IV of the majority opinion, which affirm the default *Page 805 
judgment and the denial of the motion to recuse. However, I concur only in the result of Part III, which addresses the Court's decision to remand for further proceedings regarding Ms. Oliver's argument that the award of damages is excessive.
The trial court held a hearing on Ms. Oliver's motion for a new trial or a remittitur, so I would not hold that a further hearing is necessary. However, the trial court's order denying her motion does not set forth its reasons for denying a remittitur. Under the procedures this Court established in Hammond v. City ofGadsden, 493 So.2d 1374 (Ala. 1986), and Green Oil Co. v. Horsnby,539 So.2d 218 (Ala. 1989), a trial court should ordinarily provide reasons for reducing, or refusing to reduce, an award that is challenged as excessive. Given the size of this award, such a statement would be helpful to this Court in reviewing the appellant's argument that the award should be reduced. Therefore, I concur in the result of remanding for the trial court to issue an order stating its reasons for denying Ms. Oliver's request for a remittitur.
I disagree completely with the statement in footnote seven that "we question whether Henderson [v. Alabama Power Co.,627 So.2d 878 (Ala. 1993),] remains good law." Henderson was correctly decided, and it effectuates the command of 11 of the Alabama Constitution that "the right to trial by jury shall remain inviolate."[8]
In addition, I disagree with the implication that 6-11-21, Ala. Code 1975, may apply in this case because no jury trial ever occurred. The plaintiff in this case requested a jury trial but, because the defendant defaulted, a jury was never empaneled. What the majority suggests would allow a defendant to simply accept a default judgment in order to avoid its own potentially large liability. No matter how egregious the defendant's conduct, the plaintiff, through no fault of their own, would be limited to a maximum recovery of $250,000 in punitive damages. In order to protect a plaintiff's rights and to fulfill the mandates of 11 of the Alabama Constitution, trial courts might be faced with empaneling a jury in every case involving a potential punitive-damages award where the plaintiff has requested a trial by jury but the defendant has refused to appear in court.
[8] Justice See states that the Supreme Court of the United States has "noted 6-11-21 with approval, implying that the $250,000 cap could prevent a punitive-damages award from exceeding the outer limits of due process." So.2d at n. 7. However, upon reading Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1 (1991), I found that the Supreme Court simply noted the existence and the nonapplicability of the statute. It did not indicate a view as to the merits of the statute, and it certainly took no position on the statute's effect under the protections created by our state constitution.